UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICK GREGORY and STACEY GREGORY,  *
                                     *
        Plaintiffs,                  *
                                     *
v.                                   *   Civil Action No. 11-11600
                                     *
WORLD SAVINGS BANK, FSB,              *
WACHOVIA MORTGAGE FSB, and            *
WELLS FARGO BANK NA                   *
                                     *
        Defendants.                  *

MEMORANDUM AND ORDER

August 22, 2012

TAURO, J.

I.   Introduction

Pro se Plaintiffs Patrick and Stacey Gregory are homeowners living in Bridgewater, Massachusetts.[1] Defendant Wells Fargo[2] holds the mortgage on Plaintiffs' residence. Plaintiffs allege that Defendants securitized their mortgage, without their consent, to their detriment. For the reasons stated below, Defendants' Motion to Dismiss [#13] is ALLOWED.

II.  Background

Defendant Wells Fargo Bank N.A. ("Wells Fargo") holds Plaintiffs' (the "Gregorys") mortgage. The Gregorys filed a Verified Complaint under Oath for Declaratory Judgment Action [#1] on September 13, 2011. The Gregorys bring two causes of action. First, they allege

---

[1] V. Compl. under Oath for Declaratory J. Action ¶ 1.
[2] Plaintiffs lists three defendants, World Savings Bank, FSB, Wachovia Mortgage FSB, and Wells Fargo Bank N.A. Wells Fargo Bank N.A. is the successor to Plaintiffs' mortgage by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB. All three Defendants are, therefore, one entity. Hereinafter, "Wells Fargo" will refer to Wells Fargo and its predecessors in interest unless otherwise stated.

1

that Wells Fargo materially altered their mortgage. The Gregorys state: "Defendant's [sic] failed to disclose its willful intention and agreement to secretly change the note's function and operation was [sic] deliberate with purpose to create credit money through demand deposits without rendering any credits toward the Plaintiff's [sic] principal balance."[3] The "agreement to secretly change the note" seems to be what Plaintiffs allege was a securitization of the note. Plaintiffs allege that Wells Fargo engaged in the following:

> a private prior agreement between the lender and the investment bank who issued the warehouse-line-of-credit to [Defendant World Savings Bank (now Wells Fargo)], that the Plaintiff's [sic] mortgage would be packaged along with hundreds of other mortgages, and delivered to the investment bank where the securitization into mortgaged-back-securities would be created based upon the projected risk of the borrowers, and then bundled together based upon likelihood of those borrowers being able to repay the loan and how likely [] it would be defaulted.[4]

As for their second cause of action, the Gregorys allege that Wells Fargo failed to disclose that it divided the mortgage from the note. The Verified Complaint reads:

> Defendant's [sic] failed to disclose a material fact respecting its prior private agreement to split the (2) documents; note and mortgage from each other to create additional funding using the mortgage as a secondary mortgage entry showing and tracking the transfer of the securitized bundle of hundreds of mortgages that it is certain Plaintiff's mortgage is now an intricate part of.

> Such willful withholding of information that failed to disclose the unauthorized use of the Plaintiffs' signature without proper consideration was unlawful and unfair.[5]

Wells Fargo filed a Motion to Dismiss [#13] on November 21, 2011. The Gregorys filed Plaintiffs' Objection to Defendants' Motion to Dismiss [#15] on December 1, 2011. The court

---

[3] V. Compl. under Oath for Declaratory J. Action ¶ 17.
[4] V. Compl. under Oath for Declaratory J. Action ¶ 11.
[5] V. Compl. under Oath for Declaratory J. Action ¶ 20.

held a hearing on the Motion to Dismiss on August 13, 2012, and took the motion under advisement.

III. Discussion

    A. Legal Standard Motion to Dismiss

To state a claim for relief under Fed. R. Civ. P. 8(a), a party must give "a short and plain statement of the claim showing that the pleader is entitled to relief . . . . " The statement is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[6] In order "to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'"[7] A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[8] The court construes facts in the light most favorable to the plaintiff, but it "need not accept a plaintiff's assertion than a factual allegation satisfies an element of a claim . . . nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion."[9]

In cases of fraud, a heightened pleading standard applies. Fed. R. civ. P. 9(b) reads: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In cases of fraud, therefore, "the pleader usually is expected to specify the who, what, where, and when of the allegedly false or fraudulent misrepresentation."[10]

    B.    Analysis

        1.    Material Alteration

---

[6] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).
[7] **Error! Main Document Only.**Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).
[8] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).
[9] Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 244 n.3 (1st Cir. 2006).
[10] Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004).

The Gregorys seem to allege that Wells Fargo securitized their mortgage without their consent or knowledge.[11] They further allege that the securitization is an alteration of their mortgage,[12] and they bring a claim for material alteration. Material alteration, however, is not a cause of action in and of itself. Because Plaintiffs are pro se, the court will assume that they meant to allege a breach of contract claim. Even if Plaintiffs meant to style this claim as a breach of contract claim, though, they have failed to state a cause of action.

Breach of contract consists of the following elements:

> (1) An agreement was made between the plaintiffs and the defendant supported by a valid consideration; (2) the plaintiffs have been ready, willing, and able to perform; (3) the defendant's breach has prevented them from performing; and (4) the plaintiffs have suffered damages.[13]

The Gregorys have failed to state a claim for breach of contract because they have not stated how Wells Fargo actually breached the contract. The <u>Verified Complaint</u> contains the legal conclusion that Wells Fargo securitized Plaintiffs' mortgage, but there is no evidence that Wells Fargo lacked the legal authority to do so or that doing so constitutes a breach of Plaintiff's contract with Wells Fargo. Without additional information stating exactly how a breach occurred, Plaintiffs' claim for material alteration fails under Fed. R. Civ. P. 12(b)(6).

2. <u>Failure to Disclose</u>

---

[11] V. Compl. under Oath for Declaratory J. Action ¶ 11.
[12] V. Compl. under Oath for Declaratory J. Action ¶ 17.
[13] <u>Singarella v. City of Boston</u>, 173 N.E.2d 290, 291 (Mass. 1961) (citations omitted).

4

The Gregorys also claim that Wells Fargo failed to disclose the fact that it securitized their mortgage.[14] The Gregorys submit that Wells Fargo used the Gregorys' signatures to carry out the securitization, and that doing so was both unlawful and unfair.[15] Under Massachusetts caselaw, when a party has a duty to disclose a material fact, failure to do so "constitute[s] an unfair or deceptive practice"[16] As an unfair or deceptive practice, failure to disclose a material fact is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b), which requires that the plaintiff plead fraud with particularity.[17]

Here, the Gregorys have not presented any facts to satisfy the requirement under Rule 9(b) of pleading fraud with particularity. The alleged fraudulent activity is the use of the Gregorys' signatures without their consent and the failure to disclose a material fact—a prior agreement to divide the mortgage from the note.[18] Although the Verified Complaint may contain enough information to satisfy the requirement of stating what occurred, it fails to provide details about the particular parties involved, to reference documents demonstrating this fraudulent activity, or to note when this alleged fraud took place.[19] The Verified Complaint also lacks any allegation that Wells Fargo had a duty to disclose that it securitized the mortgage. Without a duty, there is no cause of action. Plaintiffs', therefore, have failed to satisfy the pleading requirements for a cause of action based on a failure to disclose a material fact.

---

[14] V. Compl. under Oath for Declaratory J. Action ¶¶ 12-13.
[15] V. Compl. under Oath for Declaratory J. Action ¶ 20.
[16] Chroniak v. Golden Inv. Corp., 983 F.2d 1140, 1147 n.12 (1st Cir. 1993); see also Morgan Guar. Trust Co. of New York v. New England Merch. Nat. Bank, 438 F. Supp. 97, 104 (D. Mass. 1977) ("First, the general rule is Massachusetts is that, absent a duty to speak, there can be no liability in deceit for failure to disclose.").
[17] See Pearce v. Duchesneau Group, Inc., 392 F. Supp. 2d 63, 73-74 (D. Mass. 2007) (applying Fed. R. Civ. P. 9(b) to a claim of fraudulent misrepresentation).
[18] V. Compl. under Oath for Declaratory J. Action ¶¶ 20-21.
[19] See Alt. Sys. Concepts, Inc., 364 F.3d at 29 (typically requiring the "who, what, where, and when of the allegedly false or fraudulent representation.").

IV.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [#13] is ALLOWED. Plaintiffs' Verified Complaint [#1] is DISMISSED.


IT IS SO ORDERED.

                                                /s/ Joseph L. Tauro
                                              United States District Judge